

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-78,258-01

### EX PARTE ANGEL GALVAN RIVERA

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
### FROM CAUSE NO. 45906-41-1 IN THE 41ST DISTRICT COURT
### EL PASO COUNTY

*Per Curiam*.

## O P I N I O N

This is an application for a writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.07.

In June 1986, a jury found applicant guilty of the offense of capital murder committed in October 1984. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Rivera v. State*, 808 S.W.2d 80 (Tex. Crim. App. 1991). Applicant filed his initial

post-conviction application for writ of habeas corpus in the convicting court on August 31, 1995. Having discovered that a writ application had been filed in the trial court in 1995 that had never been forwarded, this Court on August 20, 2012, ordered the trial court to resolve the issues raised in the writ application and have the clerk forward it to this Court within a certain period of time.

This Court received the record of the case complete with signed findings and conclusions on November 19, 2012. However, it was later discovered that applicant's counsel had never been notified of this Court's order. Therefore, counsel did not have a chance to participate in the trial court's resolution of the issues. Accordingly, we remanded the case to the trial court to resolve the issues presented in the writ application with the appropriate participation of counsel on both sides on January 30, 2013.

Applicant presents nine allegations in his application in which he challenges the validity of his conviction and resulting sentence. Based upon an agreed stipulation with the State, applicant has agreed to waive all allegations challenging the validity of his conviction (allegations one through four, six, and part of eight); these claims are dismissed as waived. The trial court adopted the parties' agreed findings of fact and conclusions of law which recommend relief based upon ineffective assistance of counsel as set out in allegation five.

This Court has reviewed the record with respect to the ineffective assistance of counsel allegation made by applicant. Based on the habeas court's findings and conclusions and our own review, we hold that applicant's counsel failed to investigate applicant's

background or present mitigating evidence at the punishment phase in violation of *Rompilla v Beard*, 545 U.S. 374 (2005). *See also Wiggins v. Smith*, 539 U.S. 510 (2003); *Williams v. Taylor*, 529 U.S. 362 (2000). Therefore, relief is granted. We dismiss as moot applicant's remaining challenges to his sentence (allegations seven, part of eight, and nine).

We vacate applicant's sentence and remand the case to the trial court for a new punishment hearing or other proceeding consistent with this opinion. *See* TEX. CODE CRIM. PROC. art. 44.251(c).

DELIVERED: DECEMBER 11, 2013

DO NOT PUBLISH